Copy mailed to parties by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures. 4/28/05

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DIST. COURT EAST DIST. WISC.
FILED
APR 28 2005
AT _____ O'CLOCK _____ M
SOFRON B. NEDILSKY

MICHAEL HAWTHORNE,

    Plaintiff,

v.                                          Case No. 05-C-219

MILWAUKEE SHERIFF'S DEPARTMENT
and JOHN DOE DEPUTIES 1-6,

    Defendants.

## DECISION AND ORDER

The plaintiff, who is proceeding *pro se*, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the

average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $28.33.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69,

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: (1) that they were deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff, Michael Hawthorne, is confined at the Milwaukee County House of Corrections. The complaint names as defendants the Milwaukee County Sheriff's Department, and "6 John Doe Deputies."

The plaintiff alleges:

3

On 12-23-04 the plaintiff was bitten by John Doe officer police dog #2 upon the order of John Doe officer # 1 – both of whom had forcibly entered the plaintiff's home without announcing their identities, displaying a warrant or acquiring the permission of its occupants. Additionally, the plaintiff was subjected to other acts of excessive force and brutality as he was picked up and thrown to the floor numerous times, subjected his home and person to an unreasonable search whereby the plaintiff sustained permanent injury and disfigurement to his right leg as well as various psychological and emotional traumas and pain and suffering. After having layed [sic] face down, prone, on the threshold of the dwelling, even before police made any statements, police ordered dog Marco to attack.

(Compl. ¶ IV.A.)

Claims that law enforcement officers have used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386 (1989); *see also Smith v. City of Chicago*, 242 F.3d 737 (7th Cir. 2001). The reasonableness inquiry is objective: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. The amount of permissible force depends on the specific situation, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

The court finds that the plaintiff has alleged sufficient facts to support a Fourth Amendment claim.

### Defendant Milwaukee County Sheriff's Department

The complaint does not contain any allegations with respect to defendant Milwaukee County Sheriff's Department, although it is named in the caption of the complaint. Although counties are "persons" for purposes of § 1983, liability against counties nevertheless may not arise vicariously;

4

counties cannot be held liable under § 1983 on a *respondeat superior* basis. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). Instead, counties are liable only for acts for which the entity itself is responsible, meaning acts the entity has embraced as policy or custom. *Id.* at 690-91, 694. Unconstitutional policies or customs can take three forms:

> (1) an express policy that, when enforced, causes a constitution deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused with final policy-making authority.

*Palmer v. Marion County*, 327 F.3d 588, 594-94 (7th Cir. 2003) (citations omitted). Because the plaintiff has not alleged any facts indicating that defendant Milwaukee County Sheriff's Department has embraced any unconstitutional policies or customs, it will be dismissed from this action.

### John Doe Defendants

The complaint also names as defendants John Does 1-6. These are the only remaining defendants. It is well-established that "when the substance of a *pro se* civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *see also Billman v. Ind. Dep't of Corrections*, 56 F.3d 785, 788-90 (7th Cir. 1995).

Based on the foregoing, the plaintiff may file an amended complaint within 30 days of the date of this order, naming individual defendants. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint must be complete in itself without reference to the original complaint.

5

## ORDER

**NOW THEREFORE IT IS ORDERED** that defendant Milwaukee County Sheriff's Department is dismissed from this action;

**IT IS FURTHER ORDERED** that the plaintiff shall file an amended complaint naming individual defendants within 30 days of the date of this order.

**SO ORDERED** this 28th day of April 2005, at Milwaukee, Wisconsin.

WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge