Copy mailed to attorneys for *plaintiff* parties by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures.
cc: Warden
Milw. Cty Sheriff



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL HAWTHORNE,

        Plaintiff,

v.                                          Case No. 05-C-219

LUKE CHANG, DOG MARCO,
KRISTINA SULLIVAN, DANIEL SUSZEK,
and TRAVIS THOMPSON,

        Defendants.

## DECISION AND ORDER

Plaintiff Michael Hawthorne, who is proceeding *pro se*, is currently incarcerated at the House of Corrections located in Franklin, Wisconsin. On February 24, 2005, the plaintiff lodged a civil rights complaint under 42 U.S.C. § 1983 against the Milwaukee Sheriff's Department and John Doe Deputies 1-6, along with a motion for leave to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). He has been assessed and paid an initial partial filing fee of $28.33. The plaintiff has also paid an additional partial filing fee of $27.00. Thus, a filing fee balance of $194.67 remains.

In a April 28, 2005, decision, the court found that the plaintiff had stated sufficient facts to support a Fourth Amendment claim. However, defendant Milwaukee Sheriff's Department was dismissed because the plaintiff had not alleged any facts indicating that it had embraced any

unconstitutional policies or customs. The court ordered the plaintiff to file an amended complaint naming the individual defendants involved in his Fourth Amendment claim.

On May 26, 2005, the plaintiff filed his amended complaint and named Luke Chang, Dog Marco, Kristina Sullivan, Daniel Suszek, and Travis Thompson as defendants. A police dog, or any dog for that matter, is not a "person" subject to suit under 42 U.S.C. § 1983. *Dye v. Wargo*, 253 F.3d 296, 300 (7th Cir. 2001). Dog Marco is therefore not a proper defendant in this litigation and he will be dismissed. The United States Marshal will be ordered to serve the remaining defendants. 28 U.S.C. § 1915(d).

## ORDER

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff's amended motion for leave to proceed *in forma pauperis* (Docket #6) be and hereby is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that defendant Dog Marco is dismissed from this action;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4;

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff or his designee shall collect from the plaintiff's prison trust account the $194.67 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the

preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to the Milwaukee County Sheriff.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**SO ORDERED** this 3rd day of June 2005, at Milwaukee, Wisconsin.

BY THE COURT:

WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

P:\Transfer\WEC\Hawthorne05-C-219.Screening Order 2.wpd     3