# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL HAWTHORNE,

          Plaintiff,

        v.                                                                  Case No. 05-C-219

LUKE CHANG, KRISTINA SULLIVAN,
DANIEL SUSZEK, and TRAVIS THOMPSON,

          Defendants.

## DECISION AND ORDER

       Plaintiff Michael Hawthorne, who is incarcerated at the Wisconsin Correctional Center System, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On June 3, 2005, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* on a claim that the defendants used excessive force during the course of the plaintiff's arrest, in violation of the Fourth Amendment to the United States Constitution.

       The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

       On May 16, 2006, the defendants filed a motion for summary judgment. Court records indicate that copies of the motion, supporting brief, and affidavit were mailed to the plaintiff on May

16, 2006. The plaintiff did not file a response to the defendants' motion. On July 11, 2006, the court issued an order granting the plaintiff additional time until August 10, 2006, to file his response. Subsequently, on August 3, 2006, the court granted the plaintiff's request for an extension of time until November 30, 2006, to file his response. When no response was filed, on December 19, 2006, the court granted the plaintiff additional time until January 8, 2007, to file his response to the defendants' motion for summary judgment. To date, no response has been filed.

District courts have inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989). A dismissal for lack of prosecution is appropriate when there is a clear record of delay or contumacious behavior. *Casteel v. Pieschek*, 3 F.3d 1050, 1055 (7th Cir. 1993); *Daniels*, 887 F.2d at 785. However, no case should be dismissed for failure to prosecute without "explicit warning" of the potential sanction. *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). Furthermore, there is no requirement that graduated sanctions be imposed before dismissing a case for failure to prosecute. *Id.* at 756.

Civil Local Rule 41.3 (E.D. Wis.), which governs dismissal for "lack of diligence," provides:

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action the Court may enter order of dismissal with or without prejudice. Any party can petition for reinstatement of the action within 20 days.

Based on review of the record and upon consideration of the applicable law, the court concludes that this action should be dismissed with prejudice. Accordingly, the defendants' motion for summary judgment will be denied as moot.

## ORDER

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (Docket #25) be and hereby is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that this case be and hereby is **DISMISSED** with prejudice pursuant to Civil L.R. 41.3 (E.D. Wis.); and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED** this 9th day of January 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge